## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KOTIS ASSOCIATES, LLC et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 20-932 |
| v. ) | Judge Lydia K. Griggsby |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

_____

## **ANSWER COMPLAINT**

Pursuant to Rules of the United States Court of Federal Claims 7(a), 8(b), 12, and 15, Defendant, the United States of America, responds to the allegations in the numbered and unnumbered paragraphs of Plaintiffs' Complaint (ECF No. 1) ("Complaint") as follows.

1. The allegations of Paragraph 1 are Plaintiffs' characterization of the jurisdictional basis for filing this Complaint, and are not allegations to which a response is required. The United States admits 28 U.S.C. § 1491(a)(1) confers jurisdiction on the United States Court of Federal Claims to hear claims based on the Fifth Amendment to the United States Constitution.

2. The allegations in Paragraph 2 of the Complaint are Plaintiffs' characterization of the case and conclusions of law to which no response is required. The United States admits that Plaintiffs allege claims under (1) the Fifth Amendment to the United States Constitution, (2) 16 U.S.C. § 1247(d) (Section 8 of the Trails Act), (3) 28 U.S.C. 1491(a) (the Tucker Act) and (4) 42 U.S.C. § 4654(c) (the URA), but denies that Plaintiffs are entitled to any relief under the Fifth

Amendment or the referenced statutes. To the extent a further response is required, the United States denies the allegations in Paragraph 2.

3. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and on that basis denies those allegations. To the extent Paragraph 3 alleges legal conclusions, no response is required.

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent a further response is required, the United States denies the allegations of Paragraph 4.

5. The United States admits that the Surface Transportation Board ("STB") issued a Decision and Notice of Interim Trail Use or Abandonment on October 11, 2019. To the extent Paragraph 5 alleges legal conclusions, no response is required. To the extent a further response is required, the United States denies the allegations of Paragraph 5.

6. Paragraph 6 of the Complaint consists of the Plaintiffs' characterization of the case and conclusions of law to which no response is required. To the extent Paragraph 6 alleges legal conclusions, no response is required. To the extent a further response is required, the United States denies the allegations of Paragraph 6.

7. The allegations in Paragraph 7 purport to characterize the decision in *Preseault v. United States*, 100 F.3d 1525, 1532 (Fed. Cir. 1996). Plaintiffs' allegations regarding this decision constitute conclusions of law, to which no response is required. To the extent a further response is required, the allegations in Paragraph 7 are denied.

8. The allegations in Paragraph 8 of the Complaint purport to characterize the decision in *Ellamae Phillips v. United States*, 564 F.3d 1367, 1373 (Fed. Cir. 2009). Plaintiffs' allegations regarding this decision constitute conclusions of law, to which no response is

required.  To the extent a further response is required, the United States denies the allegations of Paragraph 8.

## THE PARTIES

**A.    Plaintiffs**

*Kotis Associates, LLC*

9.    To the extent Paragraph 9 alleges legal conclusions, no response is required.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis denies those allegations.

*Kotis Holdings, LLC*

10.    To the extent Paragraph 10 alleges legal conclusions, no response is required.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis denies those allegations.

*Westover Terrace II, LLC*

11.    To the extent Paragraph 11 alleges legal conclusions, no response is required.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies those allegations.

**B.    The Defendant**

12.    The United States admits that it is the Defendant in this case and that the STB issued a Decision and Notice of Interim Trail Use or Abandonment on October 11, 2019.  The United States denies that a taking has occurred.  To the extent Paragraph 12 alleges legal conclusions, no response is required.  The United States denies the remaining allegations of Paragraph 12.

13. The United States admits that Paragraph 13 quotes a portion of *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) ("*Preseault II*"). To the extent Paragraph 19 alleges legal conclusions, no response is required. To the extent a further response is required, the United States denies the allegations of Paragraph 13.

## CAUSES OF ACTION

## COUNT I

In response to Plaintiffs' allegations preceding Count I Paragraph 15, which are not contained in a numbered paragraph, the United States denies that a taking has occurred. This Paragraph alleges legal conclusions, to which no response is required.

15. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained of Count I Paragraph 15 and footnote 2 of the Complaint, and denies those allegations on that basis. To the extent Count I Paragraph 15 or footnote 2 allege legal conclusions, no response is required. To the extent a further response is required, the allegations of Count I Paragraph 15 and footnote 2 are denied.

16. Count I Paragraph 26 consists of Plaintiffs' characterization of *Preseault v. Interstate Commerce Commission*, 494 U.S. 1 (1990) ("*Preseault I*") and legal conclusions, to which no response is required. To the extent a further response is required, the allegations of Count I Paragraph 16 are denied.

17. The United States admits that Count I Paragraph 17 quotes a portion of *Preseault I*. The remainder of Count I Paragraph 17 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a further response is required, the allegations in Count I Paragraph 17 are denied.

18.     The United States admits that Count I Paragraph 18 quotes a portion of *Preseault II* and that footnote 4 quotes a portion of *Stop the Beach Renourishment, Inc. v. Florida Department of Environmental Protection*, 560 U.S. 702 (2010).  To the extent Count I Paragraph 18 alleges legal conclusions, no response is required.  To the extent a further response is required, the allegations of Count I Paragraph 18 are denied.

19.     The United States admits that Count I Paragraph 19 quotes a portion of *Ellamae Phillips Co. v. United States*, 564 F.3d 1367 (Fed. Cir. 2009).  To the extent Count I Paragraph 19 alleges legal conclusions, no response is required.  To the extent a further response is required, the allegations of Count I Paragraph 19 are denied.

20.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Count I Paragraph 20 of the Complaint and on that basis denies those allegations.  To the extent Count I Paragraph 20 alleges legal conclusions, no response is required.

21.     The United States admits that Count I Paragraph 21 of the Complaint quotes a portion of *Toews v. United States*, 376 F.3d 1371 (Fed. Cir. 2004) ("*Toews*").  The remainder of Count I Paragraph 21 consists of Plaintiffs' characterization of *Toews* and legal conclusions, to which no response is required.  To the extent a further response is required, the United States denies the allegations in Count I Paragraph 21.

22.     Count I Paragraph 22 of the Complaint consists of Plaintiffs' characterization of the case and legal conclusions to which no response is required.  To the extent a further response is required, the United States denies the allegations in Count I Paragraph 22.

23.     The United States admits that Paragraph 23 of the Complaint quotes a portion of *Barclay v. United States*, 443 F.3d 1368 (Fed. Cir. 2006), but avers the quoted portion omitted

internal quotation marks. The remainder of Count I Paragraph 33 consists of legal conclusions, to which no response is required. To the extent a further response is required, the United States denies the allegations in Count I Paragraph 23.

24. The United States admits that Count I Paragraph 24 of the Complaint quotes portions of *Boston Chamber of Commerce v. City of Boston*, 217 U.S. 189 (1910) and *First English Evangelical Lutheran Church v. Los Angeles*, 482 U.S. 304 (1987). The remainder of Count I Paragraph 24 of the Complaint consists of Plaintiffs' characterization of the case and legal conclusions to which no response is required. To the extent a further response is required, the United States denies the allegations in Count I Paragraph 24.

25. In response to the allegations of Count I Paragraph 25, the United States admits that the STB issued a Notice of Interim Trail Use or Abandonment on October 11, 2019. The remainder of Count I Paragraph 25 consists of legal conclusions, to which no response is required. To the extent a further response is required, the United Stated denies the allegations in Count I Paragraph 25.

26. The United States admits that Count I Paragraph 26 of the Complaint quotes portions of *Ladd v. United States*, 630 F.3d 1015 (Fed. Cir. 2010) and that footnote 7 quotes two parentheticals in *Navajo Nation v. United States*, 631 F.3d 1268 (Fed. Cir. 2011). The remainder of Count I Paragraph 26 and footnote 7 consists of legal conclusions, to which no response is required. To the extent a further response is required, the United States denies the allegations in Count I Paragraph 26 and footnote 7.

27. The United States admits that Count I Paragraph 27 of the Complaint quotes portions of *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922), *Armstrong v. United States*, 364 U.S. 40 (1960), and *Monongahela Navigation Co. v. United States*, 148 U.S. 312 (1983).

The remainder of Count I Paragraph 27 consists of conclusions of law, to which no response is required. To the extent a further response is required, the United States denies the allegations in Count I Paragraph 27. The United States denies that a taking has occurred.

28. Count I Paragraph 28 of the Complaint consists of Plaintiffs' characterization of the law and legal conclusions, to which no response is required. To the extent a further response is required, the United States denies the allegations in Count I Paragraph 28.

29. The United States admits that Count I Paragraph 29 of the Complaint quotes a portion of *Seaboard Air Line Railway Co. v. United States*, 261 U.S. 299 (1923). To the extent Count I Paragraph 29 alleges legal conclusions, no response is required. To the extent a further response is required, the United States denies the allegations in Count I Paragraph 29.

30. Count I Paragraph 30 of the Complaint consists of Plaintiffs' characterization of the case and conclusions of law to which no response is required. To the extent a further response is required, the United States denies the allegations in Count I Paragraph 30. The United States denies that a taking has occurred.

## COUNT II

31. The United States admits that Count II Paragraph 31 of the Complaint quotes a portion of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c) but avers that commas are missing after the words "disbursements" and "appraisal." The remainder of Count II Paragraph 31 consists of Plaintiffs' characterization of the case and conclusions of law to which no response is required. To the extent a further response is required, the United States denies the allegations in Count II Paragraph 31. The United States denies that a taking has occurred.

32. The United States lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Count II Paragraph 32 of the Complaint and on that basis denies those allegations. The remaining allegations in Count II Paragraph 32 consist of legal conclusions, to which no response is required.

The Paragraphs on page 12 of the Complaint under the caption "Relief Requested," provide Plaintiffs' prayers for relief. To the extent the Rules of the Court of Federal Claims require a response, the United States denies that the Plaintiffs are entitled to their requested relief or to any relief whatsoever.

## GENERAL DENIAL

All allegations in Plaintiffs' Complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied.

## DEFENSES

### First Defense

The Complaint fails to state a claim for which relief can be granted.

## PRAYER

WHEREFORE, the United States of America denies that Plaintiffs are entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for the United States, and that the United States be granted such further relief as the Court may allow.

September 28, 2020                                         Respectfully submitted,

                                                          PAUL SALAMANCA
                                                          Attorney
                                                          Environment & Natural Resources Division

By /s/ *Jessica M. Held*
Jessica M. Held
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0575
Fax: (202) 305-0506
E-mail: Jessica.Held@usdoj.gov

*Attorneys for the United States*
